Beverly LAVETTER, et al., Plaintiffs,

v.

INTERNATIONAL PLAYTEX, et al., Defendants.

No. CIV 84–788–TUC–RMB.

United States District Court, D. Arizona.

Jan. 25, 1988.

Douglas H. Clark, Jr., Scott H. Gan, Mesch, Clark & Rothschild, Tucson, Ariz., for plaintiffs.

Richard J. Woods, Nicholas J. Wallwork, O'Conner, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., Phoenix, Ariz., for defendants.

William H. Robinson, Jr., Adele Baker, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for defendants & third party plaintiff.

Gary L. Stuart, Jay A. Fradkin, Jennings, Strouss & Salmon, Phoenix, Ariz., for third-party defendant.

## ORDER

BILBY, Chief Judge.

This Order contains the Court's rulings on the Plaintiffs' Motion for Partial Summary Judgment as to Liability Issues, Defendant's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment as to Punitive Damages.

*Plaintiffs' Motion for Partial Summary Judgment as to Liability Issues*

Plaintiffs filed a Motion for Partial Summary Judgment as to liability issues which, Plaintiffs allege, were previously litigated in *O'Gilvie v. International Playtex, Inc.,* 609 F.Supp. 817 (D.C.Kan.1985), *aff'd in part and rev'd in part* 821 F.2d 1438 (10th Cir.1987). Plaintiffs argue that Defendant should be precluded from re-litigating issues determined in that case by offensive use of collateral estoppel. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Although the Court in *Parklane* approved the offensive use of collateral estoppel, the Court also stated that the use of the doctrine should not be permitted when there are prior inconsistent judgments. "Allowing offensive collateral estoppel may ... be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." *Parklane,* 439 U.S. at 330, 99 S.Ct. at 651.

■ The case upon which the Plaintiffs base their argument for offensive use of collateral estoppel is the only one of six cases in which there was a verdict for the plaintiff. In view of the fact of prior inconsistent verdicts, this is not an appropriate instance for offensive use of collateral estoppel.

*Defendant's Motion for Summary Judgment*

■ In its Motion for Summary Judgment, Defendant argues that it is entitled to summary judgment in this case because of strict compliance with the federal regulations regarding the user warning labeling requirements of 21 C.F.R. § 801.430. Defendant argues that the federal regulations preempt any other safety requirements that plaintiff may allege under state law.

The Medical Device Amendments of 1976 of the Federal Food, Drug, and Cosmetic Act of 1938 mandates that "no State ... may establish ... with respect to a device ... any requirement ... which is different from or in addition to, the requirement applicable under this chapter to the device ... which relates to the safety or effectiveness of the device." 21 U.S.C. § 360k(a). The United States Food and Drug Administration, in regulations promulgated under this law, further mandated that state common-law decisions that impose "different" or "additional" requirements are expressly prohibited. 21 C.F.R. § 808.1.

The preemption argument has been ruled on in six previous Toxic Shock Syndrome tampon cases. In only one case, the oldest of the six cases, *Muzatko v. International Playtex, Inc.,* No. 85–C–1540 (E.D.Wis. May 14, 1987), was a decision against preemption found. In that case, the court found no preemption by reasoning that preemption had been disallowed in *O'Gilvie.* However, the issue of preemption was not raised in that case. The unanimous opinions by the courts in the other five cases are convincing to this court. Thus this court finds that the Plaintiffs' claim is preempted by federal law. After a review of the case, the Court finds that this constitutes a complete disposition of the case.

Therefore, IT IS ORDERED that the Plaintiffs' Motion for Partial Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the Defendant's Motion for Partial Summary Judgment is DENIED as moot.

IT IS FURTHER ORDERED that the Third–Party Defendant claim is DENIED as moot.

IT IS FURTHER ORDERED that the case is DISMISSED with prejudice.