[No. 56098–6.   En Banc.   September 20, 1990.]

ERNEST BERGER, *as Personal Representative, Appellant,* v. PERSONAL PRODUCTS, INC., ET AL, *Respondents.*

*Rush, Hannula & Harkins,* by *William J. Rush* and *Daniel R. Kyler,* for appellant.

*Susan J. Robinson, Gregory C. Sisk,* and *Karr Tuttle Campbell (George Gore, Victoria L. Vance,* and *Arter & Hadden,* of counsel), for respondents.

SMITH, J.—Appellant Ernest Berger, as personal representative of the estate of Sheila Berger, deceased, appeals from a partial summary judgment of the Yakima County Superior Court dismissing his product liability action against respondent Personal Products, Inc. We affirm the trial court.

The sole question we consider is whether under 21 U.S.C. § 360k(a) and 21 C.F.R. § 808.1(b) federal law preempts a state tort action based on the claims of inadequate warnings and instructions about the risk of contracting toxic shock syndrome associated with tampon use when the product complies with federal labeling requirements under 21 C.F.R. § 801.430. Appellant Berger does not dispute respondent's compliance with those regulations. We answer

that federal law does preempt a state tort action under these circumstances.

On January 4, 1984, Ms. Sheila Berger, age 20, died of toxic shock syndrome alleged to have been contracted as a result of using respondent's product, "o.b. tampons."[1] In his claims against Respondent Personal Products, Inc., Appellant Berger alleged that Personal Products' tampon was unreasonably dangerous because of its faulty manufacture, faulty design, and inadequate warnings and instructions about the risk of contracting toxic shock syndrome.

Respondent Personal Products, Inc., moved for summary judgment on the claim of inadequate warnings and instructions, arguing that federal statutes and regulations preempt any state tort action based upon the adequacy of warnings when the product complies with federal labeling requirements under 21 C.F.R. § 801.430.

The trial court, the Honorable Bruce P. Hanson, Yakima County Superior Court, granted the motion for partial summary judgment, holding that, under 21 U.S.C. § 360k(a) and 21 C.F.R. § 808.1(b) relating to preemption, federal law preempts a state tort action on this issue. The trial court denied a request by Appellant Berger to enter a final judgment on the warnings and instructions issues pursuant to CR 54(b). Appellant Berger then stipulated to dismissal with prejudice of his remaining claims.

Appellant Berger claims that federal statutes and regulations do not preempt a state tort action based on the adequacy of warnings and instructions.

---

[1]Toxic shock syndrome is a rare but serious disease which can be fatal. It is believed to be caused by a toxin–producing strain of bacteria called *Staphylococcus aureus*. It is also believed that the use of tampons enhances the growth of the bacteria. Teenaged girls and women under 30 years of age are reported to be more likely to develop tampon–associated toxic shock syndrome than menstruating women of other age groups. Toxic shock syndrome also occurs, however, in nonmenstruating women. The disease is characterized by a marked drop in blood pressure and a physical state of shock. Primary symptoms include a sudden fever (usually 102 degrees fahrenheit or more), diarrhea, fainting or near fainting when standing up, dizziness, and a rash resembling a sunburn. 21 C.F.R. § 801.430.

Respondent Personal Products, Inc., asserts that the regulations promulgated by the Food and Drug Administration governing labeling requirements of tampons found in 21 C.F.R. § 801.430 preempt state tort law on this issue under 21 U.S.C. § 360k(a) and 21 C.F.R. § 808.1(b).

The doctrine of federal preemption is derived from the supremacy clause of the United States Constitution, article 6, section 2. Federal law preempts state law when Congress intends to occupy a given field, when state law directly conflicts with federal law, or when state law would hinder accomplishment of the full purposes and objectives of the federal law.[2] Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose. Federal regulations have the same preemptive effect as federal statutes.[3]

In 1976 Congress enacted extensive and comprehensive amendments to the Food, Drug and Cosmetic Act of 1938, 21 U.S.C. § 301 *et seq.,* which became known as the Medical Device Amendments of 1976, 90 Stat. 539, 21 U.S.C. § 360c–k. Under the amendments, all medical devices intended for human use are required to be classified according to their potential risk in order to insure that each product receives the most appropriate form of regulatory control. The Food and Drug Administration classified tampons as Class II (performance standards) medical devices.[4]

---

[2]*Alverado v. WPPSS,* 111 Wn.2d 424, 431, 759 P.2d 427 (1988), *cert. denied,* 490 U.S. 1004, 104 L. Ed. 2d 153, 109 S. Ct. 1637 (1989).

[3]*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152–54, 73 L. Ed. 2d 664, 102 S. Ct. 3014, 3022 (1982).

[4]45 Fed. Reg. 12, 715–18 (1980); *see also* 21 C.F.R. § 884.5460; 21 C.F.R § 884.5470 (1988).

Respondent Personal Products, Inc., asserts that section 360k(a) of the Medical Device Amendments expressly preempts any warnings or instructions claims based on state tort law. That section provides in relevant part:

[N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

■ Regulations promulgated by the Food and Drug Administration pursuant to this statute reflect this expression of intent to preempt state law.

[Section 360k(a)] prescribes a general rule that . . . no State or political subdivision of a State may establish or continue in effect any requirement with respect to a medical device intended for human use having the force and effect of law (whether established by statute, ordinance, regulation, or *court decision*), which is different from, or in addition to, any requirement applicable to such device under any provision of the act which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under the act.[5]

In 1982, in response to the discovered association between toxic shock syndrome and tampon use, the Food and Drug Administration adopted labeling requirements for tampons. The regulations required the following consumer information to appear "prominently and legibly in a package insert or on the package in terms understandable by the layperson":[6]

1. The warning signs of toxic shock syndrome and what to do if the warning signs appear;

2. The statistical risk of toxic shock syndrome to women using tampons;

3. The advisability of using tampons with the minimum absorbency needed to control menstrual flow;

---

[5](Italics ours.) 21 C.F.R. § 808.1(b).

[6]Former 21 C.F.R. § 801.430(d).

4. The potential for avoiding the risk of getting tampon–associated toxic shock syndrome by not using tampons and the potential for possibly reducing the risk of getting toxic shock syndrome by alternating tampon use with sanitary napkin use during menstrual periods;

5. The need to seek medical attention before again using tampons if toxic shock syndrome warning signs have occurred in the past, or if women have any questions about toxic shock syndrome or tampon use.[7]

In addition to the information to be provided in a package insert, the following "alert statement" must appear "prominently and legibly on the package label":

ATTENTION: Tampons are associated with Toxic Shock syndrome (TSS). TSS is a rare but serious disease that may cause death. Read and save the enclosed information.[8]

United States District Courts addressing this same issue in recent years have almost uniformly held that federal law preempts state tort actions under these circumstances.[9]

---

[7]*See* 21 C.F.R. § 801.430(d).

[8]21 C.F.R. § 801.430(c).

[9]*See Moore v. Kimberly–Clark Corp.*, 676 F. Supp. 731, 734–35 (W.D. La. 1987), *aff'd in part on relevant grounds, rev'd in part*, 867 F.2d 243 (5th Cir. 1989); Krause v. Kimberly–Clark Corp., No. L89–30066CA (W.D. Mich. Jan. 17, 1990); *Lindquist v. Tambrands, Inc.*, 721 F. Supp. 1058, 1063 (D. Minn. 1989); Chapman v. Playtex FP, Inc., No. 89–0718–LC (W.D. La. Nov. 17, 1989); Rockett v. International Playtex, Inc., No. 87–2870 (W.D. La. Oct. 4, 1989); Northrip v. International Playtex, Inc., No. 88–0559–CV–W–1 (W.D. Mo. Sept. 28, 1989); Parrott v. International Playtex, Inc., No. SA CV 88–491 JSL (RWRx) (C.D. Cal. May 15, 1989); Bejarano v. International Playtex, Inc., No. 87–4027 (D. Idaho May 10, 1989); *Cornelison v. Tambrands, Inc.*, 710 F. Supp. 706, 708–09 (D. Minn. 1989); *Rinehart v. International Playtex, Inc.*, 688 F. Supp. 475, 477 (S.D. Ind. 1988); Stucker v. International Playtex, Inc., No. C–87–0440–L(b) (W.D. Ky. Feb. 26, 1988), *rev'd on other grounds*, 865 F.2d 261 (1989); Meyer v. International Playtex, Inc., No. 86–3430 (D.N.J. Dec. 1, 1988); Eason v. Tambrands, Inc., No. 87–11677–A (D.C. Tex. Nov. 29, 1988); *Lavetter v. International Playtex, Inc.*, 706 F. Supp. 722 (D. Ariz. 1988); Briggs v. International Playtex, Inc., No. 86C–540–E (N.D. Okla. Apr. 7, 1988); *Stewart v. International Playtex, Inc.*, 672 F. Supp. 907, 909–10 (D.S.C. 1987); *Edmondson v. International Playtex, Inc.*, 678 F. Supp. 1571, 1574–75 (N.D. Ga. 1987); Ignace v. Playtex Family Prods., Inc., No. 86–C–480C (W.D. Wis. Aug. 14, 1987). But see Muzatko v. International

The United States Court of Appeals for the Fifth Circuit has similarly ruled. In *Moore v. Kimberly–Clark Corp.*,[10] that court affirmed the District Court's grant of summary judgment in favor of the defendant tampon manufacturer with respect to plaintiff's warnings and instructions claims. In doing so, the court concluded that state law claims based on inadequate labeling and warning statements are preempted[11] by 21 U.S.C. § 360k and 21 C.F.R. § 808.1(b).[12]

The court in *Moore* noted that:

> The FDA did not intend to preempt all state laws and regulations pertaining to tampons. This is made clear in [21 C.F.R. § 808.1(d)[13]] which provides that "[s]tate or local requirements are preempted only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act. . . ." The relevant requirements applicable under § 360k are set forth in 21 C.F.R. §§ 801.430, 884.5460, and 884.5470, which declare that tampons are a medical device covered by the Act and outline the liability and warning requirements with respect to TSS [toxic shock syndrome].[14]

The United States District Court for the District of South Carolina in *Stewart v. International Playtex, Inc.*,[15] granted partial summary judgment for a defendant tampon manufacturer on the ground that the Medical Device Amendments expressly preempted state law. The court in

---

Playtex, Inc., No. 85C–1540 (E.D. Wis. May 14, 1987); Kerns v. International Playtex, Inc., No. C–1–86–297 (S.D. Ohio Apr. 18, 1988).

[10]867 F.2d 243 (5th Cir. 1989).

[11]While affirming the District Court's holding that plaintiff's state tort law warnings and instructions claims were preempted, the United States Court of Appeals for the Fifth Circuit reversed the District Court's finding that plaintiff's state tort law design defect claims were preempted.

[12]This regulation was incorrectly cited in *Moore* as 21 C.F.R. § 801.1(d).

[13]This regulation was also incorrectly cited in *Moore* as 21 C.F.R. § 801.1(d).

[14]*Moore v. Kimberly–Clark Corp.*, 867 F.2d 243, 244–45 (5th Cir. 1989).

[15]672 F. Supp. 907 (D.S.C. 1987).

*Stewart* rejected the contention that state tort law should not be considered a state law "requirement" within the meaning of the Medical Device Amendments preemption provision defined in 21 C.F.R. § 808.1(b), stating at pages 909–10:

> On its face, this definition encompasses the actions of a court of law entering judgment against the defendant for compensatory and punitive damages based upon "inadequate warnings". The FDA has therefore determined that a state's common law—to the extent it attempts to regulate matters already addressed by the FDA—shall be considered a § 360k "requirement". South Carolina tort law is, therefore not exempt from § 360k.

At least one reported case does not recognize federal preemption in a product liability action based on inadequate warnings and instructions on the risk associated with tampon use. In *Muzatko v. International Playtex, Inc.*,[16] the United States District Court for the Eastern District of Wisconsin concluded that the Food and Drug Administration's toxic shock syndrome warnings regulations did not rise to the level of a requirement within the meaning of § 360k of the Medical Device Amendments.[17] The court in that case relied upon *O'Gilvie v. International Playtex, Inc.*,[18] which indicated that the federal regulations were merely minimum standards. The issue in *O'Gilvie*, however, was the propriety of a jury instruction. The question of preemption was not raised and therefore was not an issue.

---

[16]No. 85C–1540 (E.D. Wis. May 14, 1987). In an unpublished ruling, the court in Kerns v. International Playtex, Inc., No. C–1–86–297 (S.D. Ohio Apr. 18, 1988), held that the plaintiffs' inadequate warnings and instructions claims were not preempted by federal statute and regulations.

[17]In a case involving an intrauterine device, *Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1151 (D. Or. 1989), the court noted that there appeared to be a doctrinal split in the federal appellate courts on whether state tort liability constitutes a requirement within the terms of the Medical Device Amendments. However, the court held that the Medical Device Amendments do not apply to the intrauterine device at issue in that case.

[18]609 F. Supp. 817 (D. Kan. 1985), *aff'd in part, rev'd in part,* 821 F.2d 1438 (10th Cir. 1987).

On the basis of the facts in this case and the authorities cited, we conclude that under 21 U.S.C. § 360k and 21 C.F.R. § 808.1(b), federal law clearly preempts state tort law on tampon labeling and warnings requirements for toxic shock syndrome. The trial court was correct in granting the motion for partial summary judgment in this case based on federal preemption.

We affirm the trial court.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and GUY, JJ., concur.

Reconsideration denied November 19, 1990.