OPINION OF THE COURT
H. Patrick Leis III, J.
The instant matter was remitted to this court by the Court of Appeals. The issue to be determined is whether the entire amount of a personal injury settlement obtained by a Medicaid recipient from a third-party tortfeasor or only the portion attributable to past medical expenses is available to satisfy a lien filed by the Department of Social Services to recoup medical expenses paid on behalf of the recipient.
In 1982, plaintiff Patricia Gibson, then 24 years of age, was severely injured in an automobile accident alleged to have been the result of the negligence of a third party, the Town of Smithtown. An application for Medicaid was made on Ms. Gibson’s behalf to the Suffolk County Department of Social Services, and she was determined to be eligible for such benefits. As a condition of Medicaid eligibility, plaintiff agreed to assign to the Department of Social Services her right to recover from any third party responsible for her injuries.
James Link, conservator of the property of Patricia Gibson, commenced the instant personal injury action on plaintiff’s behalf against the Town of Smithtown. Thereafter, the Department of Social Services placed a lien against any monies recovered in the personal injury action in order to recover the medical assistance paid on plaintiff’s behalf.
The parties agreed to a settlement of the action in the amount of $3,475,000, the net proceeds of which were to be placed into a supplemental needs trust for the benefit of Ms. Gibson. At the time the parties reached this tentative settlement in July of 1994, the Department of Social Services estimated that its lien for medical assistance for Ms. Gibson totaled $790,000.
Pursuant to the terms of the compromise order and judgment, dated September 24, 1994, the Supreme Court authorized the establishment of a supplemental needs trust for Ms. Gibson and, at the same time, denied a request by the Department of Social Services for the immediate satisfaction of its lien from the full proceeds of the settlement. The court determined that a lien for past medical assistance need not be satisfied prior to the establishment of a supplemental needs *240 trust and that liquidation of the lien could be deferred until the termination of the trust (Link v Town of Smithtown, 162 Misc 2d 530 [1994], on rearg 162 Misc 2d 587).
The Department of Social Services appealed the Supreme Court’s determination and the Appellate Division, Second Department, affirmed the Supreme Court’s determination that satisfaction of a preexisting Medicaid lien was not a precondition to the funding of a supplemental needs trust (Link v Town of Smithtown, 226 AD2d 351 [1996], citing Cricchio v Pennisi, 220 AD2d 100).
The Court of Appeals granted requests by the Department of Social Services of Kings County and Suffolk County, for leave to appeal from the Appellate Division, Second Department’s determinations in the Cricchio and Link cases (supra), respectively. The Court of Appeals reversed the Appellate Division in both cases determining that upon the application of both Federal and State statutes, a Medicaid lien imposed pursuant to Social Services Law § 104-b on the proceeds of a personal injury award must be satisfied before those funds may be transferred to a supplemental needs trust in accordance with EPTL 7-1.12 (Cricchio v Pennisi, 90 NY2d 296 [1997]). The Court of Appeals then remitted the instant case to the Supreme Court, stating that, "[g]iven that the parties did not present any arguments to this Court concerning whether the entire amount of the personal injury settlement or only that portion attributable to past medical expenses is available to satisfy the lien, we do not pass on the question, which must be addressed in the first instance by the court on remittal” (Cricchio v Pennisi, supra, at 309-310).
Upon remittal, plaintiff argues that the court should limit the Department of Social Services in its recovery of medical expenses paid to that portion of the personal injury settlement earmarked as medical expenses after allocating what portion of the settlement represents plaintiff’s "pain and suffering” versus medical expenses.
The court has considered the applicable Federal and State statutes, the case law and all the arguments asserted on behalf of the plaintiff and the Department of Social Services as well as the amicus curiae brief submitted by Robert, Lerner & Robert, Esqs. For the reasons set forth below, the court concludes that all of the proceeds of the settlement agreement are available to satisfy the lien asserted by the Department of Social Services to recoup the Medicaid assistance afforded plaintiff.
Title XIX of the Social Security Act established the Medicaid program which is a jointly funded Federal and State medical *241 assistance program aimed at providing necessary medical care for eligible individuals whose income and resources are insufficient to meet the costs of their medical care (42 USC § 1396 et seq.). An integral concept to the implementation of the Medicaid program and, thus, a major consideration in this determination is the Legislature’s intent that Medicaid be the "payor of last resort”, i.e., that Medicaid will not be furnished if the applicant has available resources (see, Cricchio v Pennisi, supra, at 305).
In Cricchio v Pennisi (supra), the Court of Appeals determined that the right to recover from responsible third parties[1] is derived from the assignment, subrogation and recoupment provisions set forth in the Federal statutes 42 USC §§ 1396a and 1396k and New York State’s Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b). In interpreting the Federal statutes, the Cricchio Court determined that where, "Medicaid payments have been made under the State plan and a third party has a legal responsibility to pay for health care items or services furnished to an individual, 'the State is considered to have acquired the rights of such individual to payment by any other party for such health care items or services’ (42 USC § 1396a [a] [25] [I])” (Cricchio v Pennisi, supra, at 305). In so finding, the Court of Appeals emphasized that recoupment from a responsible third party is necessary to ensure that the Medicaid program remain the " 'payor of last resort’ ” (Cricchio v Pennisi, supra, at 305, citing Matter of Costello [Stark] v Geiser, 85 NY2d 103, 106 [1995]).
As a condition of eligibility for Medicaid, an applicant must assign to the Department of Social Services any rights he or she has to seek reimbursement from any third party up to the amount of medical assistance paid (see, 42 USC § 1396k [a] [1] [A]; 42 CFR 433.146 [c]; Social Services Law § 366 [4] [h] [1]; 18 NYCRR 360-7.4 [a] [6]). So too, when reimbursement is sought from responsible third parties through the assignment provisions, States are to first " 'retain’ that portion 'of any amount collected * * * as is necessary to reimburse it for medical assistance payments made on behalf of an individual with respect to whom such an assignment was executed * * * and the remainder of such amount collected shall be paid to such individual’ (42 USC § 1396k [b] [emphasis supplied]). This provision indicates that the government has priority in recouping funds *242 from third parties who are liable for a Medicaid recipient’s medical expenses, and that only the remainder of those funds becomes available to the Medicaid recipient” (Cricchio v Pennisi, supra, at 306-307 [emphasis supplied]).
In accordance with such directives, New York’s statutory plan does, in fact, contain mechanisms for the recovery of Medicaid funds from responsible third parties. In particular, Social Services Law § 367-a (2) (b) provides: "[U]pon furnishing assistance * * * to any applicant or recipient of medical assistance * * * the local social services district or the department shall be subrogated, to the extent of the expenditures by such district or department for medical care furnished, to any rights such person may have to * * * third party reimbursement” (emphasis added).
Social.Services Law § 366 (4) (h) (1) further requires that an applicant for medical assistance shall, as a condition of initial eligibility for such assistance, assign to the appropriate Social Services Department, "any benefits” which are available to him or her individually from any third party (emphasis added).
The use of the term "any” in both of the aforementioned provisions of our State’s Social Services Law underscores the Legislature’s clear intention that the Department of Social Services be afforded broad and extensive means to obtain third-party reimbursement of Medicaid expenditures.
In addition, Social Services Law § 104-b (3), the procedural mechanism for establishing the lien for public assistance, mandates that, "the lien of the public welfare official in the amount therein stated shall attach to any verdict, decision, decree, judgment * * * as well as the proceeds of any settlement” (emphasis added). Significantly, the phrase, "proceeds of any settlement” is not restricted to a specific type or portion of the proceeds. As a result, it is clear that the Department of Social Services’ right of recoupment has not been limited by any of these statutory provisions, and that the full amount of the proceeds collected from a responsible third party is available to reimburse the Department of Social Services for Medicaid funds paid on behalf of adult Medicaid recipients.
In reaching this conclusion, the court considers unpersuasive plaintiffs argument that the State’s recovery of the medical assistance it paid on behalf of plaintiff should be limited to that portion of the settlement proceeds allocated to reimburse the plaintiff for medical expenses and not to that portion of the settlement proceeds intended to compensate plaintiff for her *243 "pain and suffering”.[2] The Medicaid lien is a creation of statute, and had the legislative branch intended to make the distinction urged by plaintiff, then the Legislature would have included an allocation scheme[3] in the statutory framework.
The argument in support of the necessity of an allocation hearing is, for the most part, grounded in equity, not in statutory or decisional law. The court is not unsympathetic to the fact that the plaintiff sustained devastating personal injuries in the accident which is the subject of this action. While money alone will never fully compensate plaintiff for her injuries, she will be left with approximately $1.5 million to fund a supplemental needs trust after satisfying the Department of Social Services’ lien.
There are circumstances, however, where a lien could exceed the settlement amount. Many of these cases cry out for compassion and equity.[4] It is, however, for the lienholder who is charged with monitoring and dispensing Medicaid resources to agree to compromise the lien if, in its estimation, justice, fairness and equity dictate such a decision. It is not within the purview of the courts to alter, hamper or impede the lienholder’s discretion to compromise liens on the basis of undue hardship on a case-by-case basis (see, Social Services Law § 369 [5].)[5]
*244 Indeed lienholders regularly compromise liens to ensure that needy individuals receive funds to establish supplemental needs trusts. If public welfare officials across the State are not consistent and reasonable in exercising their discretion in hardship cases, based on the assumption that liens should be satisfied in full in all cases, then legislative intervention would be warranted to assure equity and fairness.
Finally, it is noted that Medicaid paid the costs of medical care because Patricia Gibson did not possess sufficient funds at the time of her accident to pay for her medical expenses. If plaintiff had available resources at the time of her accident she would not have been eligible for Medicaid. Even if the source of those funds had been a prior personal injury settlement solely reflecting compensation for plaintiff’s "pain and suffering”, the plaintiff still would not have been eligible for Medicaid (see, Social Services Law § 366). Thus, it is concluded that if the doctrine that Medicaid remain the "payor of last resort” would preclude the plaintiff from receiving Medicaid while retaining the proceeds of a prior personal injury settlement reflecting compensation for "pain and suffering”, it would a priori preclude the plaintiff from retaining funds reflecting "pain and suffering” emanating from an action commenced subsequent to the medical services provided, to recover for injuries sustained prior to the Medicaid application. To hold otherwise would violate the Legislature’s intent that Medicaid be the "payor of last resort” and would thwart the ability of the Department of Social Services to satisfy many of its liens.
Accordingly, it is determined that where an adult Medicaid recipient settles a personal injury action brought against a third-party tortfeasor, inclusive of all interest, costs, liens and claims, a Department of Social Services’ lien for medical expenditures provided to the recipient may be satisfied in full out of the proceeds of the settlement. This determination is consistent with the stated public policy asserted by Congress in enacting the Medicaid program, that Medicaid remain the "payor of last resort”. The court recognizes that the public funding for this program is not unlimited and must be distributed and recouped in a manner which will ensure that there will be adequate funds to provide medical assistance in the future for persons whose available resources are insufficient to cover medical costs.
*245 A hearing is necessary, however, to determine the actual amount of the lien as plaintiffs counsel disputes the figure asserted by the Department of Social Services. Accordingly, a hearing will be held on January 26, 1998.

. A third party is defined as an individual, entity or program that is or may be liable to pay all or part of the expenditures for medical assistance furnished under the State plan (42 CFR 433.136).

. It is noted that the Court of Appeals decision in Teichman v Community Hosp. (87 NY2d 514 [1996]) which required an allocation hearing is distinguishable in that it involved a private health insurer’s claim against the settlement proceeds of a medical malpractice action. Neither a Medicaid expenditure nor a statutory lien were involved (see, Teichman v Community Hosp.).

. By way of illustration, the court notes that the Legislature created an exception for infant Medicaid recipients set forth in Social Services Law § 104 which provides, in essence, that no lien will attach unless the infant possesses money or property in excess of his needs at the time medical assistance was granted (see, Baker v Sterling, 39 NY2d 397 [1976]; Matter of Thurston v Durose, 76 NY2d 683 [1990]).

. In such cases where family resources have been depleted, the quality and dignity of a disabled person’s life can be justly enhanced by the creation of a supplemental needs trust which can be used to purchase items not covered by Medicaid such as: a handicapped accessible vehicle, exercise equipment, computers, dental cosmetic work, weekly allowances, modification to existing homes to better accommodate the disabled person’s needs, specially equipped beds, televisions and VCRs.

. Social Services Law § 369 (5) provides that "[t]he requirements of this section with respect to adjustment and recoveries of medical assistance correctly paid shall be waived in cases of undue hardship, as determined pursuant to the regulations of the department in accordance with criteria established by the secretary of the federal department of health and human services.” (Emphasis supplied.)